FITCH et al. v. FRASER.

(Supreme Court, Appellate Division, Third Department.   May 12, 1903.)

1. BILLS AND NOTES—CONSIDERATION—INJURY TO PROMISEE.

Where a firm of bankers transferred certain securities to the payee of a note, guarantying the collection or payment of such securities, and thereafter, on the death of two of the partners, the payee surrendered the guaranty and certain personal property which had been transferred by the firm to the surviving partners, on receiving the note signed by such surviving partners and defendant, who was executrix and residuary legatee of one of the deceased partners, the note was based on a sufficient consideration as against defendant.

2. SAME—OBLIGATION OF MAKER.

Where, after the death of two partners of a banking firm, certain personal property and a guaranty which had been made by the firm to a transferee of certain of its securities were surrendered to the surviving partners in return for a note which defendant, who was executrix and residuary legatee of one of the deceased partners, signed in her individual capacity, her liability on the note was that of a joint maker, and not as surety for her co-signers.

3. SAME—PAYMENT OF NOTE—CONTRIBUTION—ACCOUNTING—NECESSITY.

Where, after the dissolution of a firm by death of two of its members, defendant, who was executrix and residuary legatee of one of such partners, signed a note for a firm liability, in her individual capacity, with the surviving partners and the executors of the other deceased partner, she was liable to contribute to the payment of such note, without an accounting of the partnership affairs.

Appeal from Trial Term, Delaware County.

Action by Augustus S. Fitch and others against Tina B. Fraser to recover contribution as one of the makers of a note. From a judgment in favor of defendant, plaintiffs appeal. Reversed.

Upon November 6, 1899, the defendant, together with the plaintiffs executed a promissory note, of which the following is a copy:

"Walton, N. Y., November 6th, 1899.

"Two months after date we promise
pay to the order of Delaware. Loan                    $21,382.00
and Trust Co., twenty-one thousand
three hundred and eighty-two dollars value received at the Delaware Loan
& Trust Company with use.

"[Signed]                          George S. Fitch, Harriet S. Fitch, as
                                   executors, J. H. Townsend, E. L. Guild,
                                   George T. Warner, A. S. Fitch, Tina B.
                                   Vosbury, Charles Herring, T. L. Ogden."

Certain payments were made upon said note, and thereafter, upon demand, the balance remaining unpaid thereon was paid by the plaintiffs, who bring this action against the defendant for contribution; alleging her share thereof to be the sum of $1,888.70. At the close of the plaintiffs' evidence, the court, upon the defendant's motion, directed a nonsuit. From the judgment entered thereupon, plaintiffs have appealed.

Argued before PARKER, P. J., and ·SMITH, KELLOGG, CHASE, and CHESTER, JJ.

Neish & Moore, for appellants.

Robert A. Fraser (Edwin D. Wagner, of counsel), for respondent.

SMITH, J.   White, Griswold & Co. were a copartnership doing business under the name of the Delaware County Bank at Walton,

N. Y., and sold certain securities to the Delaware Loan & Trust Company, giving a guaranty of the collection or payment thereof. White, Griswold & Co. thereupon went out of business, having transferred substantially all of their assets to the Delaware Loan & Trust Company. Thereafter, two of said partners, to wit, George W. Fitch and John Babcock, died. After their death, the Delaware Loan & Trust Company, surrendering the guaranty first obtained, secured a second guaranty, which was signed by the living partners and by Tina B. Vosbury, this defendant, as executrix of John Babcock, deceased. By the will of John Babcock, Tina B. Vosbury was made his executrix and residuary legatee. Subsequently the Delaware Loan & Trust Company demanded payment of the guaranty, which was made by the giving of the note of November 6, 1899, which was signed by Tina B. Vosbury individually, and not as executrix. As consideration for said note, the Delaware Loan & Trust Company surrendered the guaranty aforesaid and certain personal property which had been transferred to them by White, Griswold & Co. Soon after the maturity of said note, certain payments were made thereon, and the property received from the Delaware Loan & Trust Company was sold and its proceeds applied upon the payment of the note. There still remained unpaid, however, the sum of about $13,000, which the plaintiffs were required to pay and did pay, the defendant refusing to pay any part thereof. After payment by the plaintiffs, this suit was brought to compel the defendant to contribute. Three defenses are urged: First, that the note was without consideration as to the defendant; second, that the defendant signed as surety; and, third, that there had been no accounting between the partners of White, Griswold & Co., and the defendant, representing John Babcock, could not be compelled to contribute before an accounting was had, and a determination of any liability which might exist from the plaintiffs to the estate of John Babcock.

The note had ample consideration in the surrender by the Delaware Loan & Trust Company of the guaranty, and the transfer to the members of the old firm of White, Griswold & Co. of the partnership property. No direct benefit to the defendant is necessary to constitute a consideration for the note. Harm to the promisee is equally effective as a consideration. Whether any benefit came to the defendant, however, may be important as bearing upon her defense that she signed as surety. But there is no evidence that she signed as surety. She appears as a maker, and the surrender of her guaranty as executrix, and the transfer of the personal property for the benefit of her estate, was a personal benefit to her as the residuary legatee of John Babcock. It cannot be held, therefore, upon the evidence, that she was merely a surety for her 'co-signers.

The third defense, and the one upon which the case seems to have been decided in the trial court, was that a partnership accounting was a necessary prerequisite to determine the defendant's liability to the plaintiffs. But the partnership had been dissolved. If not dissolved by the actual abandonment of the purposes of the partnership, it was clearly dissolved by the death of Babcock and Fitch. This defendant was not a partner. She could not personally be held

liable for any debt of the partnership which she did not personally assume. Any liability of the partnership to John Babcock would belong to her as executrix, not to her individually. If the plaintiffs had sought contribution upon her guaranty which she signed as executrix, the case would present a very different question. Having signed the note, however, personally, with no standing as an individual to demand an accounting by the partnership, we are unable to discover any valid reason for relieving her from liability until an accounting by the partnership. We are of opinion, therefore, that the learned trial judge erred in holding such an accounting to be a condition precedent to the liability of defendant to contribute to the payment of this note.

The judgment should therefore be reversed and a new trial granted.

Judgment reversed and new trial granted, with costs to appellant to abide event. All concur, except KELLOGG, J., not voting.